**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
JAN 24 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| IDO ZOLDAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:22-cv-00084 (UNA) |
| ) | |
| GOVERNMENT OF THE ) | |
| UNITED STATES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the plaintiff's complaint, ECF No, 1 ("Compl."), and application for leave to proceed *in forma pauperis*, ECF No, 2. The court will grant planitiff's *in forma pauperis* application and dismiss the case for the reasons stated herein.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). Importantly, where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Plaintiff, who resides in Israel, sues the United States for damages. Compl. at pp. 1–2. The complaint is not a model in clarity, but as it can be understood, plaintiff contends that the United States has indirectly funded a terrorist organization, *see id.* ¶¶ 3–5, "which in turn developed professional capabilities and trained combatants in waging war against the IDF [Israel Defense Forces], in which the Plaintiff's brother served," *id.* ¶ 5. Based on these allegations, plaintiff has failed to establish standing, and moreover, has raised a generalized grievance.

Furthermore, though no causes of action are identified, and the court independently can envision no cognizable claims, notwithstanding, sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff has neither pleaded nor established that there has been any waiver to suit for damages.

For these reasons, the complaint is dismissed pursuant for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and on the basis of immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii). A separate order accompanies this memorandum opinion.

Date: January 24, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge